IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

EDDIE YOUNG,

       Plaintiff,

v.

CATERPILLAR, INC.,

       Defendant.

Case No. 2:23-cv-02177-CSB-EIL

### DEFENDANT'S FOURTH MOTION TO COMPEL AND FOR SANCTIONS, AND REQUEST FOR EXTENSION OF DISCOVERY FOR THE PURPOSE OF TAKING PLAINTIFF'S DEPOSITION

Defendant Caterpillar Inc.[1] respectfully requests, once again, that the Court compel Plaintiff to fully respond to discovery and for sanctions for Plaintiff's violation of the discovery rules and this Court's Orders. Defendant additionally requests that the Court grant an extension of the discovery deadline for the sole purpose of allowing Defendant to depose Plaintiff within twenty-one days of Plaintiff's supplemented discovery responses. In support of these requests, Defendant states as follows:

### INTRODUCTION

This Court has *twice* ordered Plaintiff to comply with his discovery obligations. Most recently, the Court compelled Plaintiff to provide his discovery responses and production by September 3, 2024. On September 4, 2024, Plaintiff served his Initial Disclosures, his Amended and Verified Response to Defendant's Interrogatories and his Response to Defendant's Production Requests. Since that time, Plaintiff resigned his employment at Caterpillar. Accordingly, while Plaintiff's discovery responses were minimally sufficient when served, his

---

[1] Plaintiff incorrectly named Caterpillar Inc. as Caterpillar, Inc.

responses are now incomplete and he has not supplemented his responses, despite Defendant's request that he do so. Plaintiff's ongoing delay in supplementing those responses has precluded Defendant from taking Plaintiff's deposition and, once again, Plaintiff has escalated the cost of litigation and prejudiced Defendant's ability to develop its defenses. Accordingly, Defendant moves for another order compelling supplemental discovery and for sanctions for Plaintiff's failure to comply with the Court's Orders and the discovery rules.

## BACKGROUND

On May 6, 2024, Defendant filed its Motion to Compel Discovery.[2] (Doc. 13). This Court granted Defendant's Motion on May 9, 2024, and ordered Plaintiff to provide his discovery responses and production by May 24, 2024.

On July 17, 2024, Defendant filed its Second Motion to Compel and for Sanctions.[3] (Doc. 14). This Court granted Defendant's Second Motion on August 8, 2024, and ordered Plaintiff to fully answer Defendant's written discovery and to produce all responsive documents by September 3, 2024.

On September 4, 2024, Plaintiff served his Initial Disclosures, his Amended and Verified Response to Defendant's Interrogatories and his Response to Defendant's Production Requests. Thereafter, on October 11, 2024, Plaintiff voluntarily resigned his position from Caterpillar. A copy of Plaintiff's Official Notice of Resignation is attached as Exhibit 1. Because of Plaintiff's resignation, many of his discovery responses require supplemented information; however, he has not supplemented his answers to Defendant's discovery requests. For example, Plaintiff has not disclosed his current employer or any of the efforts that he took to find subsequent employment.

---

[2] Defendant's Motion to Compel Discovery was unopposed.
[3] Defendant's Second Motion to Compel and for Sanctions was also unopposed.

-2-

On March 6, 2025, Defendant's counsel sent an email to Plaintiff's counsel requesting that Plaintiff supplement his written discovery responses by Thursday, March 13, 2025. A copy of the March 6, 2025 email is attached as Exhibit 2. Plaintiff counsel did not respond, nor did Plaintiff supplement his written discovery responses by March 13, 2025.

Without complete discovery responses, Defendant is not able to proceed with Plaintiff's deposition. Discovery in this matter is set to close on March 22, 2025. *See* February 6, 2025 Text Order.

## ARGUMENT

**A.      This Court Should Compel Plaintiff To Supplement His Discovery Responses**

By granting Defendant's first and second Motions to Compel Discovery, this Court has already ordered Plaintiff to fully respond to Defendant's discovery requests. *See* May 9, 2024 Order and August 8, 2024 Order. It is well established that "Rule 26(e) imposes a continuing obligation upon [Plaintiff] to supplement his discovery responses." *Deese v. Springfield Thoracic and Cardiovascular Surgeons*, 183 F.R.D. 534, 537 (C.D. Ill. 1998); *see also Lujano v. Town of Cicero*, 2011 WL 6822204, *4 (N.D. Ill. Dec. 23, 2011) ("discovery supplementation is not a voluntary act indicating good will, but a mandatory duty under Rule 26(e)"). Federal Rule of Civil Procedure 26(e) imposes a duty on Plaintiff to supplement prior discovery answers and his production "(A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or (B) as ordered by the court." Fed. R. Civ. Pro. 26(e)(1).

In light of Plaintiff's resignation from Caterpillar, Defendant requested that Plaintiff supplement his discovery responses and document production. Plaintiff's counsel did not

respond to Defendant's counsel's request, and Plaintiff did not supplement his discovery responses and production as requested. Instead, Defendant is side-lined (*once again*) waiting for Plaintiff to comply with his discovery obligations. Accordingly, the Court should order Plaintiff to supplement his discovery responses and production within three (3) days.

Specifically, this Court should order Plaintiff to supplement his responses to Interrogatory Nos. 6, 7, and 8 as follows:

- Interrogatory No. 6 - For each and every job (including self-employment and work as an independent contractor or consultant), full-time or part-time, temporary or permanent, that you have held at any time since September 13, 2021, state the name and business address of the employer; the nature of the business; the dates of such employment or self-employment; the title of each position you held, the dates you held such position; the duties and responsibilities of the position, and identify all supervisors to whom you reported in each position. If you no longer hold the job, state the reasons and circumstances surrounding your termination or resignation; state the gross earnings and benefits you have received to date from each job itemized on an annual basis; describe the benefits offered to employees by the employer, even if you did not receive them; and state the number of hours you worked each week. Identify all documents related to your answer.

    **In light of Plaintiff's resignation from Caterpillar, Plaintiff should supplement his answer to Interrogatory No. 6 with information regarding his employer(s) since October 18, 2024.**

- Interrogatory No. 7 - Identify every prospective employer to which you have applied since September 13, 2021, the position for which you applied, whether you received an offer of employment, the terms of any offer of employment, and whether you accepted or rejected the offer of employment. If you have been unable to search for employment at any time please state when you were unable to search for employment and the reasons why. Identify all documents related to your answer.

    **In light of Plaintiff's resignation from Caterpillar, Plaintiff should supplement his answer to Interrogatory No. 7 with information regarding his prospective employer(s) since September 4, 2024.**

- Interrogatory No. 8 - State whether you have received any income (other than income received from Defendant) from September 13, 2021 to the present, including, but not limited to, unemployment compensation, workers' compensation, disability benefits, social security or loans, and state the nature of

each source of income, the gross amount of each payment from the source and the date(s) of each payment. Identify all documents related to your answer.

**In light of (1) six months passing since Plaintiff's first responses to discovery and (2) Plaintiff's resignation from Caterpillar, Plaintiff should supplement his answer to Interrogatory No. 8 with information regarding his income since October 18, 2024.**

Further, this Court should order Plaintiff to supplement his document production by producing documents responsive to Request Nos. 15, 17, and 25 as follows:

- <u>Request No. 15</u> - All documents concerning your efforts to locate additional or alternative employment since September 13, 2021, including but not limited to all documents related to job searches, applications, cover letters, resumes, and responses to your efforts from potential employers.

  **Plaintiff should supplement his response to Request No. 15 by producing documents regarding his efforts to locate additional or alternative employment since September 4, 2024.**

- <u>Request No. 17</u> - All documents that relate to, refer to, or describe in any way the amount of wages, or benefits, or other income you earned from any source since September 13, 2021, including but not limited to pay stubs, leave statements, earnings statements, W-2 forms, 1099 forms, federal and state tax returns, unemployment compensation, Social Security benefits, workers' compensation, veterans' benefits, settlement checks and any other compensation or benefit.

  **Plaintiff should supplement his response to Request No. 17 by producing documents regarding his income since October 18, 2024.**

- <u>Request No. 25</u> - Your current résumé and all versions of your résumé that you have prepared at any time since September 13, 2021.

  **Plaintiff should supplement his response to Request No. 25 by producing all versions of his resume since September 4, 2024.**

Defendant respectfully requests that the Court grant its fourth motion to compel and order Plaintiff to supplement his answers to Interrogatory Nos. 6, 7 and 8, and Request Nos. 15, 17 and 25, within three (3) days of granting this motion.[4]

---

[4] Even if Plaintiff is ordered to supplement within 3 days of the Court granting this motion, and Plaintiff complies, it will be impossible for Defendant to be able to adequately prepare for and take Plaintiff's deposition before discovery

**B.    Defendant Requests Leave to Depose Plaintiff Within Twenty-One Days After The Date He Supplements His Discovery Responses**

On February 6, 2025, the Court ordered the parties to complete discovery by March 22, 2025. *See* February 6, 2025 Text Order. Defendant has exercised diligence in attempting to obtain the information it needs to depose Plaintiff before this deadline, but because of Plaintiff's failure to supplement his discovery responses in a timely manner, Defendant has been unable to depose Plaintiff. Defendant requests that the Court grant Defendant leave to depose Plaintiff within twenty-one days after the date he supplements his discovery responses, and leave to request any additional documents or written discovery based on Plaintiff's deposition testimony. Defendant further requests that, excluding Plaintiff's deposition and any subsequent discovery requests from Defendant stemming from Plaintiff's deposition testimony, the March 22, 2025 deadline to conduct discovery remain in effect.

**C.    The Court Should Sanction Plaintiff For His Failure To Comply With The Court's Orders And The Discovery Rules**

Federal Rule of Civil Procedure 37 authorizes the Court to impose sanctions, including dismissal, upon parties who fail to comply with discovery orders. Indeed, dismissal may be considered as a sanction if there is a finding of willfulness, bad faith or fault on the part of the defaulting party. *See e.g., Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190 (7th Cir. 2011); *see also Ramirez v. T & H Lemont Inc.*, 845 F.3d 772, 776 (7th Cir. 2016) ("Fault, in contrast to wilfulness [sic] or bad faith, does not require a showing of intent, but presumes that the sanctioned party was guilty of 'extraordinarily poor judgment' or 'gross negligence' rather than mere 'mistake or carelessness.'").

---

closes on March 22, 2025. Indeed, Plaintiff's response to this motion will not even be due for fourteen days after Defendant files this motion.

On May 9, 2024, this Court entered an order granting Defendant's Motion to Compel and compelling Plaintiff to respond to Defendant's written discovery requests by May 24, 2024. *See* May 9, 2024 Order. On August 8, 2024, this Court entered an order granting Defendant's Second Motion to Compel and compelling Plaintiff to fully respond to Defendant's written discovery requests by September 3, 2024. *See* August 8, 2024 Order. In the August 8, 2024 Order, "[t]he Court caution[ed] Plaintiff that failure to comply will result in additional sanctions, including the possibility of dismissal." *Id.*

Plaintiff's blatant disregard of this Court's Orders and abuse of the discovery process amounts to a willful violation. *See e.g.*, *Brown*, 664 F.3d at 191 (finding willfulness where plaintiff missed multiple discovery deadlines, violated two court orders and completely failed to respond to numerous interrogatories). Plaintiff's failure to provide any explanation for his continued disregard of the discovery rules and this Court's Orders compel the conclusion that his actions are willful, in bad faith or, at least, with fault. *See e.g., Brown*, 664 F.3d at 191-2. Tellingly, Plaintiff did not even oppose Defendant's first Motion to Compel Discovery or Defendant's Second Motion to Compel Discovery, and yet still failed to comply with the Court's Orders requiring him to fully respond to Defendant's discovery requests. Under these facts, Plaintiff's steadfast failure to comply with his discovery obligations constitutes willfulness.

Moreover, Plaintiff's abuse of the discovery process and continued failure to fully respond to discovery as ordered by this Court and as required by the discovery rules has forced Defendant to expend time and resources to file *four* separate motions to compel and *three* separate motion for sanctions, resulting in substantial and unfair prejudice to Defendant. No justification exists for Plaintiff's failure to comply with this Court's Orders and, thus, he should be sanctioned.

Defendant submits that dismissal is an appropriate sanction. *Brown*, 664 F.3d at 192. While dismissal is an extreme sanction, the court is not required to issue less severe sanctions before deciding to dismiss the case. *See e.g., Patterson v. Cola-Cola Bottling Co. Cairo-Sikeston, Inc.*, 852 F.2d 280, 284 (7th Cir. 1988) ("[T]his court has affirmed dismissals even though lesser sanctions were not first imposed."). Indeed, it would appear that further discovery-related orders would be ineffective and a waste of the Court's and Defendant's time and resources. *Id.* at 285 ("The rules which authorize a district court to dismiss a complaint serve 'not only to protect defendants but also to aid courts in keeping administrative control over their own dockets and to deter other litigants from engaging in similar dilatory behavior.' *Washington*, 734 F.2d at 1239.")

Defendant also requests attorneys' fees. Rule 37(b)(2)(C) provides ". . . the court ***must*** order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure . . .." Fed. R. Civ. Pro. 37(b)(2)(C) (emphasis added). Thus, this Court should order Plaintiff to pay Defendant's attorneys' fees incurred because of his non-compliance with the discovery rules and this Court's Orders.

## **CONCLUSION**

Defendant respectfully requests that the Court grant its fourth motion to compel and for sanctions. The Court should compel Plaintiff to supplement his answers to Interrogatory Nos. 6, 7 and 8, and his responses to Request Nos. 15, 17 and 25, and to produce all responsive documents within three (3) days. The Court should further order Plaintiff to sit for his deposition within twenty-one days after the date Plaintiff supplements his discovery responses. The Court should also enter an order sanctioning Plaintiff for his conduct in this case, including dismissal of

Plaintiff's complaint with prejudice, an award of attorneys' fees expended in connection with this motion, and such other relief as the Court deems just and equitable.

**DATED: March 17, 2025**  Respectfully submitted,

CATERPILLAR INC.,

By: */s/ Sharilee K. Smentek*

Katherine Mendez
Sharilee K. Smentek
SEYFARTH SHAW LLP
233 S. Wacker Dr., Suite 8000
Chicago, Illinois 60606
Telephone: (312) 460-5000
Facsimile: (312) 460-7000
E-mail: kmendez@seyfarth.com
       ssmentek@seyfarth.com

**CERTIFICATE OF SERVICE**

I, Sharilee Smentek, an attorney, certify that on March 17, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CMECF system, which will send notification of such filing to the following at the e-mail address on file with the Court:

John A. Baker
BAKER, BAKER & KRAJEWSKI, LLC
415 South Seventh Street
Springfield, IL 62701
jab@bbklegal.com

                                              */s/ Sharilee K. Smentek*